**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHAWN LOUIS JACOBS,

      Petitioner,

v.                                          No. CIV 10-0061 JH/GBW

ERASMO BRAVO,

      Respondent.

ORDER
-----

      This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody and his motion for leave to proceed in forma pauperis ("IFP"). In the first sentence of his petition, Petitioner states that his claims are based on conditions of his confinement and not on his criminal conviction. He alleges that he was improperly subjected to prison disciplinary proceedings, the proceedings violated departmental rules and state laws, and his punishment was excessive. Petitioner has previously raised these claims in state habeas corpus proceedings, where relief was denied. For relief, he asks for an order sending his claims "back to the District Court for Evidence Hearing." The Court will grant the IFP motion, construe the petition as a civil rights complaint, and dismiss the complaint.

      Because Petitioner's petition does not challenge the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), his claims are not cognizable in a habeas corpus proceeding, *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser*); *and cf. United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) ("medical mistreatment claim . . . is not cognizable in a federal habeas corpus proceeding."); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("challenging the BOP's choice of prisons. . . . must instead be brought under *Bivens* or Section 1983."). In particular, Petitioner does not allege that his good time

credits were forfeited in the disciplinary proceedings. *Cf. Taylor v. Wallace*, 931 F.2d 698, 699 n.1 (10th Cir. 1991) (characterizing complaint for restoration of good time credits as a petition under § 2254); *and see* Exhibit E to the petition (noting no forfeiture of good time credits).  Petitioner's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992), and the Court will construe the petition as a prisoner civil rights complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Petitioner's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Petitioner's complaint is barred by two separate judicial doctrines and a statutory provision. First, " '[i]t is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic federal constitutional standards.' "  *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. 2004) (citing *Rector v. City &* [stet] *County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003).  Petitioner alleges that Defendants failed to follow departmental regulations and state law, but his allegations do not state

a claim of constitutionally inadequate disciplinary proceedings.  *See Wolff v. McDonnell*, 418 U. S. 539, 554 (1974); *and see Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000) ("whether a prison disciplinary conviction complies with the mandates of the Due Process Clause. . . . it is absolutely clear in this Circuit that [the] 'some evidence' standard governs") (quoting *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985)).  Petitioner's complaint does not allege due process violations in the disciplinary proceedings, and his exhibits indicate that officials complied with *Wolff*'s procedural requirements.  No relief is available on Petitioner's state law claims.

Second, because Petitioner has fully litigated his claims in state court, the Supreme Court's rulings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), divest this Court of authority to review a final state court ruling.  "[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

> The *Rooker-Feldman* doctrine bars a federal court from exercising jurisdiction over a case where the court is being asked, in essence, to review a state court judgment. A party who loses "in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." The *Rooker-Feldman* doctrine also prohibits a federal district court from issuing "any declaratory relief that is inextricably intertwined with the state court judgment."

*Ely v. Hill*, 35 F. App'x 761, 763 (10th Cir. 2002) (internal citations omitted).  Under *Rooker-Feldman*, this Court may not send Petitioner's claims "back to the District Court for Evidence Hearing."

And third, to the extent Petitioner seeks an order requiring an evidentiary hearing in the state courts, this relief is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  The Act prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances.

*See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).  By the express terms of the Act, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." § 2283.  And although Petitioner does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).  "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo*, 433 U.S. at 630.  Petitioner's complaint invokes none of the statutory exceptions, and the Court may not grant this relief.  The Court will dismiss Petitioner's complaint with prejudice. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

IT IS THEREFORE ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody is construed as a civil rights complaint, the motions to proceed in forma pauperis (Doc. 2, 3) are GRANTED, and the initial partial payment specified in 28 U.S.C. § 1915(b)(1) is WAIVED;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody, construed herein as a civil rights complaint, is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE